**YAN YUN LI, Petitioner,**

v.

**Michael B. MUKASEY,[1] Attorney General, Respondent.**

**No. 07–2866–ag.**

United States Court of Appeals, Second Circuit.

June 18, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Thomas V. Massucci, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Richard M. Evans, Assistant Director; Rebecca A. Niburg, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. CHESTER J. STRAUB and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Yan Yun Li, a native and citizen of the People's Republic of China, seeks review of a June 6, 2007 order of the BIA affirming the December 2, 2005 decision of Immigration Judge ("IJ") Thomas J. Mulligan denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Yun Li,* No. A 97 952 480 (B.I.A. June 6, 2007), *aff'g* No. A 97 952 480 (Immig. Ct. N.Y. City, Dec. 2, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See, e.g., Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339–40 (2d Cir.2006) (recognizing this principle, yet denying petition to review BIA decision, where the court could confidently predict that the IJ would adhere to original decision despite certain deficiencies in the adverse credibility determination).

We conclude that substantial evidence supports the agency's adverse credibility determination. First, the IJ reasonably relied on Li's admission that she lied to immigration officials at her airport interview when she told them that she was pregnant in order to gain asylum. Indeed, when asked at that interview why she left China to apply for asylum in the United States, Li responded that she became pregnant while attending school in Fuzhou and was expelled. Li asserts that the IJ "impermissibly ignored" her explanation for providing this false information—that smugglers had instructed her to lie because it would "help her in the United States." To the contrary, the IJ acknowledged in his decision that Li had testified that she was told to tell the American authorities that she was pregnant, and that doing so would help her gain asylum. That Li admitted her lie, however, did not render her new claim any more credible. Rather, the fact that Li gave two different

theories for her asylum claim was a proper basis for the IJ's adverse credibility finding. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 398 (2d Cir.2005) ("[W]here ... a petitioner has provided two distinct, non-overlapping accounts of persecution, ... an IJ must ... rely on the commonsense observation that it is inconsistent for a petitioner to respond to the same question about the nature of his asylum claim with two entirely different responses.").

The IJ accurately identified additional inconsistencies in support of his adverse credibility finding. For example, while Li stated at her credible fear interview that she began practicing Falun Gong in August 2003, she testified before the IJ that she did not practice Falun Gong. Moreover, while Li claimed that her father was detained and beaten to the point that his bones were broken, his abbreviated letter did not corroborate that claim. Because such inconsistencies concerned the central aspect of Li's asylum claim, they substantiated the IJ's credibility determination. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003).

Further, the IJ properly relied on Li's omission from her airport interview any mention of her father's beating. While Li argues that the airport interview was not designed to elicit the details of her asylum claim, that argument is without merit. The record reflects that when an immigration officer specifically asked Li why she had applied for asylum, she had responded that she was expelled from school because she was pregnant. Additionally, the record of the interview appears to represent a "sufficiently accurate" account of Li's statements. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–80 (2d Cir.2004). Given that Li's father's beating involved the crux of her asylum claim, its omission

substantiated the IJ's adverse credibility determination. *See Secaida–Rosales,* 331 F.3d at 308.

Moreover, although Li admitted that her sister lived only an hour away from the immigration court, she did not appear to testify. The absence of such testimony bore on Li's credibility by rendering her unable to rehabilitate the testimony that had already been called into question. *See Zhou Yun Zhang,* 386 F.3d at 78.

Overall, the IJ's adverse credibility finding was supported by substantial evidence. Accordingly, despite flaws in that finding,[2] remand is not required because we can confidently predict that the agency would have reached the same decision, absent any errors. *See Xiao Ji Chen,* 471 F.3d at 339–40. Because the only evidence of a threat to Li's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for withholding of removal and relief under the CAT, which rested on the same factual predicate as her asylum claim. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

**2.** For example, we cannot agree with the IJ that Li's failure to inform the immigration court of her new address detracted from her credibility. *See Secaida–Rosales,* 331 F.3d at 308.